**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**CHANDRA LYONS
ADC #704518**                                                                              **PLAINTIFF**

**V.**                      **CASE NO. 1:16CV-6-KGB-BD**

**MOORE, et al.**                                                                        **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**        **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**        **Discussion:**

On January 15, 2016, Plaintiff Chandra Lyons, an Arkansas Department of Correction ("ADC") inmate, filed this action under 42 U.S.C. § 1983. (Docket entry #1) Because of her litigation history, Ms. Lyons is not eligible for *in forma pauperis* (IFP) status in federal court absent an allegation that she is in imminent danger of serious

physical injury.[1] Other than conclusory statements, Ms. Lyons did not include any facts in her complaint that would lead the Court to conclude that she was in imminent danger of serious physical injury. (#1)

In a January 19, 2016 Order, the Court allowed Ms. Lyons thirty days to pay the filing fee. In that Order, Ms. Lyons was specifically warned that if she did not pay the fee within the time allowed, her case would be dismissed. (#2)

Since the January 19 Order, Ms. Lyons has filed an amended complaint,[2] a notice to the Court, and a motion to amend her complaint. (#3, #4, #5) But she has not paid the filing fee, as ordered, and the time allowed has expired.

### III. Conclusion:

The Court recommends that Ms. Lyons's claims be DISMISSED, without prejudice, based on her failure to comply with the Court's January 19, 2016 Order requiring her to pay the filing fee. Her motion to amend her complaint (#5) should be DENIED, as moot.

DATED this 26th day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The following dismissals constitute "strikes" against Ms. Lyons for purposes of determining eligibility for IFP status: *Lyons et al. v. McDonald et al.*, E.D. Ark. Case No. 5:96cv00369 (dismissed March 31, 1997); *Lyons v. Anderson*, E.D. Ark. Case No. 5:96cv00463 (dismissed November 19, 1996); *Lyons v. Thompson*, E.D. Ark. Case No. 5:96cv00547 (dismissed January 22, 1997).

[2] Nothing in Ms. Lyons's proposed amended complaint indicates that she is in imminent danger. (#5)